UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AARON KATZ LAW LLC., | ) |
| Plaintiff, | ) |
| v. | ) |
| ISSAC LAUFER | ) CIVIL ACTION NO.1:23-CV-11801-PBS |
| Defendant. | ) |

**DEFENDANT ISSAC LAUFER'S MEMORANDUM
IN SUPPORT OF MOTION TO REMOVE DEFAULT, TO DISMISS THE COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(5), AND IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR DEFAULT JUDGMENT</u>**

Defendant Issac Laufer ("Mr. Laufer") respectfully moves pursuant to Fed. R. Civ. P. 55(c) to set aside the Default entered on October 27, 2023 for failure to plead or otherwise to defend in response to the Complaint of Plaintiff Aaron Katz Law LLC ("AKL") dated August 7, 2023. AKL filed its Complaint in spite of the fact that the parties are bound by a mandatory arbitration provision that covers all of the claims asserted in the Complaint.

Good cause to set aside the default exists under Fed. R. Civ. P. 55(c) based on numerous factors, including: (1) AKL did not make effective service of the Complaint and Summons;[1] (2) Mr. Laufer did not willfully ignore this litigation and has acted diligently since the Court entered default; (3) AKL's claims must be arbitrated pursuant to a mandatory arbitration provision in the parties' engagement letter agreement, and Mr. Laufer has numerous meritorious defenses against the claims alleged; and, (4) setting aside the default will not result in prejudice to AKL at this

---

[1] This factor also warrants dismissal of the Complaint under Fed. R. Civ. P. 12(b)(5).

1

early stage of the dispute and will facilitate a just resolution of the claims asserted through arbitration.

## BACKGROUND

This case involves claims by AKL against its former client, Mr. Laufer, alleging that Mr. Laufer failed to pay legal fees due under the terms of the parties' engagement letter agreement (the "Engagement Letter"). Complaint, Dkt. 1. The Engagement Letter contains a mandatory arbitration provision, which Mr. Laufer has not waived. See Exhibit 1 (10/7/22 Engagement Letter).

Despite this mandatory arbitration provision, on August 7, 2023, AKL filed this action in this Court via the ECF system. AKL attempted to serve Mr. Laufer with the Summons and Complaint on September 27, 2023 via Federal Express, Direct Signature Required, to Issac Laufer at 34 Astor Place, Monsey, New York 10952. Exhibit 2 (Service of Complaint (Dkt. 4)). AKL asserts that 34 Astor Place, Monsey, New York 10952 is Mr. Laufer's "primary residence." Id. This is not accurate. Exhibit 3 (Laufer Sworn Declaration). As reflected in the Engagement Letter, Mr. Laufer's primary registered address is 120 Strawberry Lane, Newburgh, New York 12550. Exhibit 1 (10/7/22 Engagement Letter); Exhibit 3 (Laufer Sworn Declaration). AKL did not attempt to serve Mr. Laufer at his Newburgh residence. Exhibit 2 (Service of Complaint (Dkt. 4)).

AKL has further asserted that Mr. Laufer signed for the delivery of the Complaint and Summons at 8:11 p.m. on September 27, 2023. Id. This also is not accurate. As set out in Mr. Laufer's Sworn Declaration, Mr. Laufer did not sign for or receive this Federal Express package containing the Summons and Complaint on September 27, 2023. Exhibit 3 (Laufer Sworn

2

Declaration).  The indecipherable signature appearing on this Federal Express delivery receipt is not his signature.  Id.  Mr. Laufer does not know who signed for this package.  Id.

## ARGUMENT

Federal Rule of Civil Procedure 55(c) provides that an entry of default may be set aside upon a showing of good cause.  Fed. R. Civ. P. 55(c).  "Action upon a motion to set aside an entry of default lies within the sound discretion of the district court." Coon v. Grenier, 867 F.2d 73, 75 (1st Cir. 1989). "The standard [under Fed. R. Civ. P. 55(c)] is a 'liberal one' based upon the policy justification that actions should be resolved on their merits." Bryan v. Lark Hotels, LLC, 323 F.R.D. 116 (D. Mass. Nov. 7, 2017), quoting Grenier, 867 F.2d at 76; see also Fed. R. Civ. P. 1 (the rules governing procedure in civil actions "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

In determining whether good cause exists, the Court considers, *inter alia*, "(1) whether the default was willful; (2) whether setting it aside would prejudice the adversary, (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the motion." McKinnon v. Kwong Wah Rest., 83 F.3d 498, 503 (1st Cir. 1996).  Here, these considerations and other factors favor setting aside the default.

## There was Insufficient Service of Process

Good cause to set aside the entry of default exists because AKL failed to properly effectuate service.  AKL mistakenly asserts that it made effective service pursuant to Fed. R. Civ. P. 4(e)(1), permitting service in accordance with the laws of Massachusetts, the state in which this District Court is located, and Mass. R. Civ. P. 4(e)(3), permitting authorized personal

3

service upon individuals outside of the Commonwealth of Massachusetts "by any form of mail addressed to the person to be served and requiring a signed receipt." Both Mass. R. Civ. P 4(f) and the Massachusetts long-arm statute, Mass. Gen. L. c. 223A, § 6, require that when service is made by mail, proof of service "shall include a receipt signed by the addressee" or such "other evidence of personal delivery to the addressee" that is satisfactory to the court. AKL did not make proper personal service upon Mr. Laufer and has not provided sufficient proof of service or otherwise provided sufficient evidence of personal delivery to Mr. Laufer.

AKL's offer of proof of service is a document signed by an individual identified as Shawn Palmer which indicates that he mailed the Summons and Complaint via Federal Express, Direct Signature Required, to 34 Astor Pl in Monsey, New York, together with a Fed Ex delivery receipt bearing an indecipherable signature and indicating that the Fed Ex package was signed for by "I.ISSAC." Exhibit 2 (Service of Complaint Dkt. 4). As provided in Mr. Laufer's Sworn Declaration, he did not sign for (or receive on the date of delivery) this Fed Ex package, the indecipherable signature on the delivery receipt is not his signature, and he does not know who accepted and signed for the package. Exhibit 3 (Laufer Sworn Declaration).

"Once a defendant challenges the sufficiency of process, the plaintiff has the burden of proving proper service." Jorge v. Adler, No. 3:22-CV-30075-KAR, 2023 WL 1421595, at *2 (D. Mass. Jan. 31, 2023). Although AKL provided evidence of attempted service through its offer of proof of service, Mr. Laufer's Sworn Declaration directly rebuts that evidence and the burden of proving proper service returns to AKL. See Blair v. City of Worcester, 522 F.3d 105, 112 (1st Cir. 2008). Plaintiff's deficient offer of proof of service, through a document that does not bear the addressee's signature (or any decipherable signature), is simply insufficient. See Brown v. Gascard Club, Inc., No. CIV.A. 86-1311-Z, 1986 WL 13076, at *1 (D. Mass. Nov. 4,

4

1986) ("[T]he receipt filed with the return of service was signed by a person whose relationship to defendant or authority is unknown. Absent some evidence of delivery to defendant, this service is insufficient."); Jorge, 2023 WL 1421595, at *2 ("The difficulty for Plaintiff is that the receipt does not appear to bear Defendant's signature. Instead, it bears an illegible signature or initials… and indicates that it was received by 'Mailbox Place.' Because the receipt does not appear to be signed by Defendant, Plaintiff must submit 'other evidence of personal delivery to [Defendant] as may be satisfactory to the court,' Mass. R. Civ. P. 4(f), and this he has failed to do. The receipt Plaintiff filed 'was signed by a person whose relationship to defendant or authority is unknown. Absent some evidence of delivery to defendant, this service is insufficient.' *Id.* Therefore, Plaintiff has not overcome Defendant's challenge to the sufficiency of service of process.") (quoting Gascard Club, Inc.).

In a situation like this, dismissal of the Complaint is warranted under Fed. R. Civ. Pro. 12 due to insufficient service of process. See Fed. R. Civ. P. 12(b)(5); Fed. R. Civ. P. 12(h). "Before a federal court may exercise personal jurisdiction over a defendant, proper service of process must be effected." Brown v. Dash, No. CV 20-10980-FDS, 2020 WL 6806433, at *4 (D. Mass. Nov. 18, 2020). Because AKL failed to properly effectuate service and provide sufficient proof of service, the Court is without personal jurisdiction over Mr. Laufer. See Fed. R. Civ. P. 12(b)(5); Fed. R. Civ. P. 4(c). The fact that Mr. Laufer has received actual notice of the Complaint is insufficient to establish personal jurisdiction. See Carissimo v. Marriott Int'l, Inc., No. 19-CV-12405-ADB, 2020 WL 3416590, at *3 (D. Mass. June 22, 2020).

Accordingly, Mr. Laufer respectfully requests that the Court set aside the entry of default and dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(5). See Carissimo, 2020 WL 3416590, at *6 (D. Mass. June 22, 2020); Brown v. Dash, No. CV 20-10980-FDS, 2020 WL

6806433, at *4 (D. Mass. Nov. 18, 2020) ("Before a federal court may exercise personal jurisdiction over a defendant, proper service of process must be effected").

In the alternative, Mr. Laufer respectfully requests that the Court treat his request for dismissal under Fed. R. Civ. P. 12(b)(5) as a motion to quash service of process, and grant such motion to quash service of process. See Jorge, 2023 WL 1421595, at *2–3 (D. Mass. Jan. 31, 2023). Because Mr. Laufer acknowledges that he has now received actual notice of the Complaint, if the Court does not dismiss it due to defective service but does, in the alternative, grant a request to quash service of process, Mr. Laufer stands ready to accept service of process through his counsel upon removal of the default to obviate the need for expenditure of additional time and resources of the Court and the parties.

### Mr. Laufer's Delay in Responding to the Lawsuit was Not Willful, and Mr. Laufer has Acted Diligently Since Receiving the Notice of Default

Mr. Laufer did not willfully ignore the Complaint. After Mr. Laufer ultimately learned of the Federal Express delivery, he consulted with counsel. Exhibit 3 (Laufer Sworn Declaration). At that time, Mr. Laufer was aware of the mandatory arbitration provision in the Engagement Letter. Id.

When Mr. Laufer subsequently became aware of the notice of default, he acted diligently. AKL filed for default on October 24, 2023 – six days after what would have been the applicable deadline for an answer or responsive pleading if AKL had made proper service. Dkt. 5. The Court entered Default on October 27, 2023, and AKL moved for a Default Judgment on Saturday October 28, 2023. Dkt. 8. Undersigned counsel was retained shortly thereafter and this filing is made within the 14-day period for compliance set out in the Court's Standing Order Regarding Motions for Default Judgment. Dkt. 7.

64261482 v1

## Federal District Court is Not the Correct Forum, and
## Mr. Laufer has Meritorious Defenses He will Present at the Arbitration.

Further good cause to set aside the entry of default exists because the parties agreed to arbitrate all of the claims that AKL has brought in this suit. Exhibit 1 (10/7/22 Engagement Letter). The Engagement Letter's mandatory arbitration provision provides:

> **7. Disputes** You agree that, ***to the maximum extent allowed by law*** and the Massachusetts SJC Rules of Professional Conduct, ***any disputes arising from or related to our engagement shall, if unable to be resolved amicably, be resolved through binding arbitration***. Any such arbitration will occur either remotely or, if in person, in Suffolk or Middlesex County, Massachusetts. You further agree that the arbitrator shall be Eric D. Green of Resolutions, LLC or, if Mr. Green is unavailable due to death, health, retirement, or conflicts, another qualified AAA or JAMS arbitrator of Aaron Katz Law LLC's choosing. Any dispute will be determined in accordance with the laws of the Commonwealth of Massachusetts, regardless of conflict of laws considerations. Your further agree that the costs of the arbitration will be borne 50/50 or, if the arbitrator determines that the losing party proceeded in bad faith, by the losing party entirely.

Id. (emphasis added).

All three of AKL's claims (breach of contract, quantum meruit, promissory estoppel) arise out of the allegation that Mr. Laufer did not pay legal fees incurred for services rendered under the Engagement Letter. These claims are all clearly covered by the broad arbitration provision. As set out in Mr. Laufer's Motion to Compel Arbitration and to Dismiss Plaintiff's Complaint, which is being filed simultaneously and which he incorporates by reference herein, the Court should compel arbitration and dismiss the Complaint.

Mr. Laufer also intends to assert a number of meritorious defenses to the allegations in the Complaint that weigh in favor of setting aside the default. See Grenier, 867 F.2d at 77 ("Meritorious defense" component of test does not require movant to demonstrate likelihood of

7

success on merits; only that movant's averments suggest facts which, if proven at trial, would be cognizable defenses). These include, without limitation, that the services AKL performed and the fees billed were not reasonable, appropriate or necessary – and that the method in which AKL calculated fees was improper.

### AKL Will Not Suffer Prejudice If Entry of Default Is Set Aside

Finally, AKL will suffer no prejudice by removal of the default. In the context of Fed. R. Civ. P. 55(c), "delay in and of itself does not constitute prejudice." KPS & Assocs. V. Designs by FMC, Inc., 318 F.3d 1, 15 (1st Cir. 2003). "The issue is not mere delay, but rather its accompanying dangers: loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion." FDIC Francisco Inv. Corp., 873 F.2d 474, 479 (1st Cir. 1989). None of those dangers are present here. This lawsuit is very early in its proceedings with AKL filing its Complaint on August 7, 2023, but not attempting to serve it until September 27, 2023. AKL will not be prejudiced if the default is removed and arbitration is compelled. See United States v. One Parcel of Real Prop., 763 F.2d 181, 183 (5th Cir. 1985) (that setting aside default would require plaintiff to litigate the action does not constitute sufficient prejudice). The policy considerations that civil actions be resolved on their merits "are at their zenith in the Rule 55(c) milieu" and in the circumstances of this case, and at this very early procedural stage, the Court should resolve any doubts in favor of Mr. Laufer in seeking relief from the entry of default. See Grenier, 867 F.2d at 76.

### CONCLUSION

AKL brought this lawsuit in the wrong forum and failed to provide sufficient service of process. Since receiving notice of the default, Mr. Laufer has acted diligently and is ready and willing to litigate this dispute in arbitration. Mr. Laufer has meritorious defenses, and AKL will

64261482 v1

not suffer prejudice in pursuing its claims if default is vacated and arbitration is compelled. Therefore, Mr. Laufer has met the good cause standard of Fed. R. Civ. Pro. 55(c) and this Court should set aside the entry of default against him and dismiss the Complaint.

Respectfully submitted,

ISSAC LAUFER,

By his attorneys,

 /s/ Damien C. Powell
Damien C. Powell (BBO #664200)
dpowell@hinckleyallen.com
HINCKLEY, ALLEN & SNYDER LLP
28 State Street
Boston, MA 02109
Tel: (617) 345-9000
Fax: (617) 345-9020

Dated: November 10, 2023

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to the attorney of record for any party indicated as non-registered participants on this 10th day of November, 2023.

 /s/ Damien C. Powell
Damien C. Powell