# Exhibit 1

# Aaron Katz Law LLC
399 Boylston Street, 6th Floor
Boston, MA 02116

October 7, 2022

Issac Laufer
120 Strawberry Lane
Newburgh, NY 12550

Dear Issac:

We appreciate the opportunity to represent you. We have found it useful, when agreeing to represent a client, to memorialize the scope and terms of the engagement in writing. This letter shall serve that purpose. The terms below are intended to clarify in advance the scope of the engagement, as well as to protect the rights and interests of both you and Aaron Katz Law LLC. If you have any questions regarding or wish to discuss any of the terms set forth in this letter, please let me know. Otherwise, we would ask that you sign the affirmation at the bottom of this letter and return it to us as soon as practicable to akatz@aaronkatzlaw.com.

1. **Scope of Engagement**

We will represent you with respect to the matter *United States ex rel. Integra v. Laufer et al (S.D.N.Y.)*. You, Issac Laufer, are the client in your personal and individual capacity. The scope of this engagement shall not be enlarged without both your request and Aaron Katz Law LLC's agreement. Our representation shall automatically terminate if and when the matter within the scope of the engagement has concluded. We will memorialize the conclusion of the representation with a disengagement letter, although the disengagement letter will simply serve to memorialize the disengagement that the conclusion of the matter has caused to occur. We will not withdraw from an engagement, other than with the client's consent or at the client's request, except for the reasons specified by, and in a manner consistent with, Massachusetts SJC Rule of Professional Conduct 1.16(b).

2. **Fees for Services Rendered**

Our standard approach is to bill clients for our work by the hour. In the absence of an alternative fee arrangement, we will bill you by the hour. If we have reached an agreement on an alternative fee arrangement, that arrangement will be described in paragraph 5 below and supersede hourly billing. We may reach an alternative fee arrangement in the middle of an engagement, but any such alternative fee arrangement must be reduced to and agreed in writing.

I will be your principal attorney with respect to this engagement. My standard hourly billing rate is $850 per hour. Keira Grimes Zirngibl, a 2016 graduate of Harvard Law School who holds the title Counsel, will likely also assist in our representation of you. Ms. Zirngibl's standard hourly rate is $550. For our representation of you, however, we have agreed to reduce these rates to $750 per hour and $450 per hour, respectively.

To the extent we retain contract paralegals or contract attorneys solely to review documents in connection with our representation, we will bill you at our cost to retain those professionals, plus an additional 5% intended to compensate us for overseeing their work. We will not hire contract paralegals or contract attorneys without your written consent. At this time, we do not anticipate the need to use such contract professionals.

If during the course of this engagement we hire on a full-time basis additional lawyers or paralegals to assist us with our representation, those professionals' billing rates will be commensurate with their experience. We will notify you in advance of our proposed hourly rates for any such professional. We will not staff any professionals other than myself or Keira Grimes Zirngibl on your matter without your permission.

We will bill for our time in quarter-hour increments, rounding up to the next quarter-hour increment as applicable.

We will invoice you on a monthly basis for the services that we provided to you during the preceding 30 days. An invoice will be sent to you within 21 days of the day of the month during which the services were rendered, but you agree that failure to issue an invoice within that 21 day period does not disentitle us to receive fees for the services rendered.

3. Expenses

During the course of our representation, we may incur matter-related expenses for things such as travel, meals during travel, parking at airports or courthouses, court filing fees, printing fees, expert fees, and vendor fees for collecting or hosting electronic documents or data. We will pass those expenses on to you at cost and include them on the invoice for the services rendered during the month the expenses were incurred, or the invoice for services rendered the month following the month the expenses were incurred. We will not retain any experts or vendors without your permission.

We agree to the following expense limitations: (a) We will not charge you for copies that we print or copy on our own printers or copiers. (2) We will not charge you for mileage for car trips under 50 miles. For car trips over 50 miles, we will charge you $10 for every 50-mile increment. (3) For domestic travel or international travel of less than 7 in-flight hours, we will only fly coach (or, if we choose to upgrade, will only bill you for the cost of a coach ticket). (4) For out-of-state travel, meal costs that we bill to you will not exceed $90 per day per person. (5) Unless we are actively working on your matter while in transit, we will not bill you for our

travel time, except if our travel from Boston to the particular destination takes more than 4 hours, in which case we will bill you for the travel time that exceeds 4 hours and charge 50% of the agreed-upon hourly rates specified above. For avoidance of doubt, we will never bill you for time spent traveling between Boston and New York to meet with you, unless we are actively working on your matter while in transit.

4. **Alternative Fee Arrangement**

N/A

5. **Responsibility for Fees and Expenses**

We will always endeavor to have your fees and expenses paid by an insurer or indemnitor, if applicable, and we will assist you in your efforts to obtain indemnification from an insurer or indemnitor. Ultimately, however, you agree that you have ultimate responsibility for the fees and expenses incurred in connection with our engagement. Any fees or expenses that are not paid by a third party must still be paid by you.

6. **Retainer**

Because we are a boutique firm, we commonly request that our clients agree to a retainer. Because we have a prior relationship with you, we will not be asking for a retainer in this matter. However, if at any time our unpaid invoices exceed $100,000, we reserve our right to request a retainer of up to $50,000. In addition, if a trial date were to be scheduled in this matter, we reserve the right to request a retainer of up to $250,000 to be paid 8 weeks prior to the trial date.

Any such retainer would be held for you in trust in Aaron Katz Law LLC's IOLTA account at Santander Bank. Any retainer amounts remaining at the conclusion of our representation would be returned to you within 3 business days of our disengagement.

Our preference is that you remit payment to us for services rendered within 30 days of receiving our invoice, such that any retainer held in the IOLTA account is never drawn down. If, however, more than 45 days has elapsed since we sent you the billing invoice for the services at issue and we have not received payment, we reserve the right to use the funds being held for you in our IOLTA account to pay down the past due invoices. We will not draw from the IOLTA account, however, without providing you 14-days' written notice of our intention to do so, so that you have another opportunity to review the past-due invoices at issue. That written notice may be given at any time after 30 days has elapsed since issuance of the invoice at issue.

If we need to draw from your retainer to pay down past-due invoices for services rendered, we reserve the right to request that you fully replenish the originally agreed-upon retainer amount within 10 business days. You

agree that failure to replenish the retainer as requested may be treated as equivalent to a failure to pay fees for services rendered.

### 7. Disputes

You agree that, to the maximum extent allowed by law and the Massachusetts SJC Rules of Professional Conduct, any disputes arising from or related to our engagement shall, if unable to be resolved amicably, be resolved through binding arbitration. Any such arbitration will occur either remotely or, if in person, in Suffolk or Middlesex County, Massachusetts. You further agree that the arbitrator shall be Eric D. Green of Resolutions, LLC or, if Mr. Green is unavailable due to death, health, retirement, or conflicts, another qualified AAA or JAMS arbitrator of Aaron Katz Law LLC's choosing. Any dispute will be determined in accordance with the laws of the Commonwealth of Massachusetts, regardless of conflict of laws considerations. Your further agree that the costs of the arbitration will be borne 50/50 or, if the arbitrator determines that the losing party proceeded in bad faith, by the losing party entirely.

### 8. Advance Waiver of Conflicts of Interest

We do not expect to take on any future representation of another client in a matter that is adverse to you. We will never represent another client in a matter that is directly adverse to you unless both (a) you already have ceased to be a client of Aaron Katz Law LLC and (b) the matter is unrelated to a matter on which we represented you. We also will never represent another client if, while you remain a client of the firm, there is a significant risk that our representation of that client would materially limit our ongoing obligations and responsibilities to you. We also will never use to your disadvantage confidential information that you share with us within the scope of our engagement. Subject to the foregoing, you agree that, if you have ceased to be a client of Aaron Katz Law LLC, our representation of you in the matter described in the "Scope of Engagement" section of this letter will not limit our ability to represent other clients, including clients who (or whose interests) may be adverse to you.

### 9. Preservation of Client Files

We will preserve your client files in accordance with the requirements of the Massachusetts SJC Rules of Professional Conduct. To the fullest extent permitted by those Rules, we reserve the right to refuse to transfer your client files to you or another attorney in the event that you have unpaid open invoices.

* * * * *

We thank you again for choosing Aaron Katz Law LLC to serve as your counsel. You should expect to receive the highest level of service from us, and we will do our best to satisfy that expectation.

Sincerely,

Aaron M. Katz

AGREED TO:

_____          _____
Issac Laufer                                                    Date